UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK LONG, MARILYNN LONG, ARNIE VAN VOORST, SHIRLEY VAN VOORST, TIM DOYLE, SARA DOYLE, JANE GRIFFITH, MICHAEL TAYLOR, KAREN TAYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTH DAKOTA DEPARTMENT OF TRANSPORTATION, A PROGRAM OF THE STATE OF SOUTH DAKOTA,<br><br>Defendant. | 4:18-CV-04081-KES<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR HEARING |

Plaintiffs, Mark Long, Marilynn Long, Arnie Van Voorst, Shirley Van Voorst, Tim Doyle, Sara Doyle, Jane Griffith, Michael Taylor, and Karen Taylor, filed a complaint alleging a claim for just compensation under the Fifth Amendment to the United States Constitution and a claim for injunctive relief against defendant, the South Dakota Department of Transportation (DOT). Docket 1. The DOT moves to dismiss both counts of the complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), arguing that res judicata bars this lawsuit and plaintiffs lack standing to pursue the injunctive relief they seek. Docket 7. Plaintiffs oppose the motion. Docket 10. Plaintiffs also move for a hearing on the DOT's motion to dismiss. Docket 11. For the reasons

that follow, the court grants the DOT's motion to dismiss and denies plaintiffs' motion for a hearing.

## BACKGROUND

The facts alleged in the complaint,[1] accepted as true, are as follows:

Mark and Marilynn Long, Arnie and Shirley Van Voorst, Tim and Sara Doyle, Jane Griffith, and Michael and Karen Taylor are residents of South Dakota and own property in Lincoln County. The DOT is a federally assisted program that receives approximately 63% of its budget from federal grants.

Plaintiffs suffered flooding damage to their properties, which are located near Highway 11 and 85th Street in Lincoln County, South Dakota. The DOT maintains sole control of Highway 11. Plaintiffs brought an inverse condemnation claim against the DOT in South Dakota Circuit Court, Second Judicial Circuit. Plaintiffs prevailed and were awarded individualized damages. Plaintiffs then moved under SDCL § 5-2-18 and the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (URA), codified at 42 U.S.C. §§ 4601-4655, for reasonable attorney, appraisal, and engineering fees, and other related costs. The Circuit Court denied plaintiffs' motion based

---

[1] Some facts not alleged in the complaint are found in *Long v. South Dakota*, 904 N.W.2d 358 (S.D. 2017), which plaintiffs discuss in their complaint. *Long v. South Dakota* is a matter of public record embraced by the complaint, and thus this court may consider it on a motion to dismiss. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) ("Our interpretation of the phrase face of the complaint includes public records and materials embraced by the complaint . . . ." (internal quotation and alterations omitted)).

on South Dakota case law. Plaintiffs appealed, and the South Dakota Supreme Court affirmed. *See Long*, 904 N.W.2d 358.

Plaintiffs then initiated this action in federal court under the Fifth Amendment to the United States Constitution, arguing that the Supremacy Clause requires the DOT to apply and enforce the URA. Plaintiffs contend that the URA requires states that receive federal funds to pay inverse condemnation expenses under the Fifth Amendment's just compensation doctrine. Plaintiffs also request this court to permanently enjoin the State of South Dakota from continuing to avoid payment of these expenses in violation of the Supremacy Clause.

## LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court determines plausibility by considering the materials in the pleadings and exhibits attached to the complaint, by drawing on experience

3

and common sense, and by viewing the plaintiff's claim as a whole. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). Inferences are construed in favor of the non-moving party. *Id.* at 1129 (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009)). The court may also "consider 'those materials that are necessarily embraced by the pleadings.'" *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 998 (8th Cir. 2016) (quoting *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014)). "Those materials include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" *Id.* (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

## DISCUSSION

Count 1 of plaintiffs' complaint alleges a claim for just compensation under the Fifth Amendment to the United States Constitution and Count 2 is a request for injunctive relief. Docket 1. The DOT contends that both counts must be dismissed, arguing that res judicata bars plaintiffs' claim for fees and costs and plaintiffs lack standing for injunctive relief. Docket 8.

**I.  Count 1**

In Count 1, plaintiffs seek damages for attorney fees and costs under the URA, arguing that the Fifth Amendment requires the State of South Dakota to pay them just compensation. The DOT argues that res judicata bars plaintiffs' claim because plaintiffs are attempting to relitigate an issue that was actually litigated in *Long*, 904 N.W.2d 358. In response, plaintiffs argue that the issue raised here was not previously litigated and, discussing federal preemption,

4

"rulings of a state court on matters of federal law are not binding on federal courts." Docket 10 at 5.

### A. Res Judicata

Under Eighth Circuit case law, the affirmative defense of res judicata is properly raised in a motion to dismiss. *C.H. Robinson,* 695 F.3d at 763. "The law of the forum that rendered the first judgment controls the res judicata analysis." *Id.* at 764 (quoting *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011)). Because *Long v. South Dakota* was decided under South Dakota law, the court will apply South Dakota's res judicata rules here.

For res judicata to apply under South Dakota law, four elements must be met:

> (1) a final judgment on the merits in an earlier action; (2) the question decided in the former action is the same as the one decided in the present action; (3) the parties are the same; and (4) there was a full and fair opportunity to litigate the issues in the prior proceeding.

*People ex rel. L.S.,* 721 N.W.2d 83, 89-90 (S.D. 2006) (citation omitted).

To determine if these four elements are established, "a court should construe the doctrine liberally, unrestricted by technicalities." *Id.* at 90. "Res judicata seeks to promote judicial efficiency by preventing repetitive litigation over the same dispute." *Id.* (citing *Wells v. Wells*, 698 N.W.2d 504, 508 (S.D. 2005)).

In *Long v. South Dakota,* a jury awarded the landowners damages for their inverse condemnation claim against the State of South Dakota and the City of Sioux Falls, and the landowners subsequently moved for "reasonable

5

attorney, appraisal and engineering fees, and other related costs" under SDCL § 5-2-18 and the URA. *Long*, 904 N.W.2d at 360. On appeal to the South Dakota Supreme Court, the landowners argued that "the South Dakota Legislature intended to adopt by reference the URA when it enacted SDCL 5-2-18." *Id.* at 361. The State of South Dakota, however, argued that "the application of the URA in state law is permissive rather than mandatory" and SDCL § 5-2-18 does not expressly authorize an award of attorney's fees. *Id.* at 362.

After discussing the "American Rule" for awarding attorney's fees, the South Dakota Supreme Court concluded that the "plain language of [SDCL § 5-2-18] provides that compliance with the URA is permissive rather than mandatory." *Id.* at 365; *see also* SDCL § 5-2-18 ("The State of South Dakota . . . may provide relocation benefits and assistance to persons . . . displaced as the result of the acquisition of land or rehabilitation or demolition of structures in connection with federally assisted projects to the same extent and for the same purposes as provided for in the [URA] . . . and may comply with all the acquisition policies contained in said federal act.").

### 1. Final Judgment on the Merits in the Earlier Action

It is clear that the first element of res judicata has been established. The South Dakota Supreme Court considered the merits of plaintiffs' request—that is, whether attorney's fees should be awarded under SDCL § 5-2-18 and whether the South Dakota statute incorporated the URA's attorney's fees and costs section. Plaintiffs filed an application for a Writ of Certiorari, which the

6

United States Supreme Court denied. *See* Docket 1 ¶ 27. Thus, judgment in the earlier action is final.

## 2. Question Decided in the Former Action is the Same

Regarding the second element of res judicata, plaintiffs' complaint here frames their request for attorney's fees as one for just compensation under the Fifth Amendment. And plaintiffs' brief in response to the DOT's motion to dismiss reiterates that position, arguing that the South Dakota Supreme Court in *Long* "refuses to enforce federal laws" that violates the just compensation clause. Docket 10 at 2. The Fifth Amendment to the United States Constitution provides that no "private property [shall] be taken for public use, without just compensation."

But in substance, plaintiffs are attempting to pursue the same outcome that they raised in *Long*—a request for attorney's fees following their successful claim for inverse condemnation. *See Estate of Johnson v. Weber*, 898 N.W.2d 718, 733 (S.D. 2017) (stating that "whether the wrong sought to be redressed is the same in both actions" is the test for whether the question decided in the former action is the same as the one in the present action). Both *Long* and this case derive from plaintiffs' successful inverse condemnation claim regarding their land near 85th Street and Highway 11 in Lincoln County, South Dakota. The only difference is plaintiffs' attempt to raise their current request for attorney's fees and costs under the just compensation clause instead of under SDCL § 5-2-18. Thus, the question decided by the South Dakota Supreme Court in *Long* is the same as the question raised by plaintiffs here.

### 3. The Parties or their Privies are the Same

The third element of res judicata is also met. The named plaintiffs here were all named plaintiffs in *Long*. In the previous action, plaintiffs sued the State of South Dakota, while plaintiffs have sued the South Dakota DOT here. Because the South Dakota DOT is a subdivision of the State of South Dakota, the parties in both actions are the same or in privity with one another. *See Black Hills Jewelry Mfg. Co. v. Felco Jewel Indus., Inc.*, 336 N.W.2d 153, 157 (S.D. 1983) (noting that courts "look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties . . . .").

### 4. Full and Fair Opportunity to Litigate the Issues

Finally, plaintiffs had a full and fair opportunity in the previous action to litigate the issue they raise here, which is whether the Fifth Amendment's just compensation clause and the Supremacy Clause require an award of attorney's fees and costs for a successful inverse condemnation claim under the URA.

Under Article IV, section 1 of the United States Constitution, "Full Faith and Credit shall be given in each State to the . . . judicial proceedings of every other State." Congress in turn enacted the full faith and credit statute, which provides that "judicial proceedings" of any state "shall have the same full faith and credit in every court within the United States . . . as they have" in the courts of the state "from which they are taken." 28 U.S.C. § 1738. "This statute has long been understood to encompass the doctrines of res judicata, or 'claim

8

preclusion,' and collateral estoppel, or 'issue preclusion.' " *San Remo Hotel, L.P. v. City & Cty. of San Francisco*, 545 U.S. 323, 336 (2005).

In general, the full faith and credit statute provides that parties should not be allowed to relitigate an issue that has been resolved by a court of competent jurisdiction. *Id.* In *Long*, plaintiffs argued that they were entitled to attorney's fees under the URA. The South Dakota Supreme Court concluded that under South Dakota law, attorney's fees and costs for successful inverse condemnation claims are permissive rather than mandatory. The court gives full faith and credit to this determination. Thus, to the extent that plaintiffs are attempting to relitigate their entitlement to attorney's fees and costs under the URA, they are barred from doing so under issue preclusion because that issue has already been litigated and decided by the South Dakota Supreme Court.

Plaintiffs also appear to frame their claim here as a new claim that has not been litigated and decided—one for just compensation under the Fifth Amendment. But plaintiffs had a full and fair opportunity in *Long* to raise their claim under the just compensation clause of the Fifth Amendment to the United States Constitution. *See Knutson v. City of Fargo*, 600 F.3d 992, 999 (8th Cir. 2010) ("Claim preclusion applies even though the federal claims are based on different legal remedies or theories." (internal quotation omitted)). In their brief, plaintiffs contend that their "claim [for] just compensation owed by a federally assisted program . . . must be determined by federal law and is not subject to defenses of res judicata from state determination of federal law." Docket 10 at 4; *see also id.* at 5 (arguing that res judicata is not applicable

9

because "rulings of a state court on matters of federal law are not binding on federal courts."). This argument has repeatedly been rejected by the United States Supreme Court. *See San Remo Hotel*, 545 U.S. at 342 (discussing the Supreme Court's rejection of the "assumption that plaintiffs have a right to vindicate their federal claims in a federal forum" because "issues actually decided in valid state-court judgments may well deprive plaintiffs of the 'right' to have their federal claims relitigated in federal court."); *see also Knutson*, 600 F.3d at 999 ("Were we to give credence to [plaintiffs'] claim that the state-court judgment itself violated federal constitutional law, [plaintiffs'] federal-court action would most certainly be *Rooker-Feldman* barred.").

And the United States Supreme Court has further noted that exceptions to the full faith and credit statute, 28 U.S.C. § 1738, "will not be recognized unless a later statute contains an express or implied partial repeal." *San Remo Hotel*, 545 U.S. at 344-45 (internal quotation omitted); *see also Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 477 (1982) (noting that "Congress must clearly manifest its intent to depart from § 1738"). Plaintiffs have not provided the court with any authority establishing Congress's intent to create an exception to the full faith and credit statute for attorney's fees and costs under the URA as a Fifth Amendment just compensation claim. Thus, plaintiffs had a full and fair opportunity to litigate this issue in their previous lawsuit.

**B. Preemption**

Finally, plaintiffs reference preemption and the Supremacy Clause in opposition to the DOT's motion to dismiss. Docket 10 at 4-5. Under the

Supremacy Clause, Congress has the authority to preempt state law by enacting a law with an express preemption provision. *Arizona v. United States*, 567 U.S. 387, 399 (2012). Federal law also preempts state law when Congress occupies the field of a particular area of law or when state law conflicts with federal law. *Id.*

Here, plaintiffs appear to argue all forms of preemption apply. Docket 10 at 4. Plaintiffs state that by enacting 42 U.S.C. § 4655, Congress intended successful inverse condemnation claimants to be entitled to attorney's fees and costs under the Fifth Amendment. *Id.* The court finds this argument unpersuasive. Not only is this argument conclusory, but there is no indication in the URA establishing Congress's intention to displace other laws regarding reimbursement of attorney's fees and other costs. *See* 42 U.S.C. § 4631 (stating that "[n]o payment or assistance . . . shall be required to be made . . . if such person receives a payment required by Federal, State, or local law" with "substantially the same purpose and effect as payment" as under the URA). And even if there was an indication of preemption, plaintiffs had the opportunity to litigate the issue in *Long*, which they presumably did not do because they moved for attorney's fees and costs under both SDCL § 5-2-18 and the URA. Thus, federal preemption under the Supremacy Clause does not apply.

II. **Count II**

In Count 2, plaintiffs request that the court "permanently enjoin the State of South Dakota from its ongoing violation of" the URA, arguing that the

11

DOT improperly refuses to pay attorney's fees and costs to successful inverse condemnation claimants. Docket 1 at 6-7. The DOT moves to dismiss count 2, contending that (1) res judicata also bars count 2 and (2) plaintiffs lack standing to seek such injunctive relief. Docket 8 at 4-5.

According to plaintiffs' brief in response (Docket 10 at 6), plaintiffs' claim in count 2 arises under the Fifth Amendment for just compensation. The court finds that plaintiffs' request for attorney's fees and costs in count 2 is identical to their request in count 1. Because the court has determined such a request is barred by res judicata, count 2 is also dismissed for the reasons explained above.

## CONCLUSION

Because all four elements of res judicata are established, plaintiffs are barred from seeking attorney's fees and costs in this case. Thus, both counts in plaintiffs' complaint must be dismissed. Additionally, the court does not find that a hearing on the motion is necessary. Thus, it is

ORDERED that defendant's motion to dismiss (Docket 7) is granted.

IT IS FURTHER ORDERED that plaintiffs' motion for a hearing (Docket 11) is denied as moot.

Dated December 27, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE